IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ERIE FAMILY LIFE INSURANCE CO.,** | * | |
| | * | |
| Interpleader Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. RWT 05-1290 |
| | * | |
| **LINDA K. BOWEN a/k/a** | * | |
| **LINDA MARIE BOWEN, et al.**, | * | |
| | * | |
| Interpleader Defendants. | * | |

**MEMORANDUM OPINION**

On May 12, 2005, Erie Family Life Insurance Co. ("Erie Life") filed a Complaint for Interpleader of Life Insurance Proceeds against Linda K. Bowen a/k/a Linda Marie Bowen, Bowen Electric Service, Inc. a/k/a Bowen Electrical Service Inc. ("Bowen Electric"), and Rita Evelyn Bowen, individually and in her capacity as Personal Representative of the Estate of John Andrew Bowen. Interpleader Defendant Bowen Electric subsequently filed a Motion to Dismiss for Failure to State a Claim and Subject Matter Jurisdiction. The Court now rules, no hearing being deemed necessary. L.R. 105.6.

The jurisdiction for interpleader actions is expressly delineated in 28 U.S.C. §1335, which provides in part:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in    the nature of interpleader * * *, if (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, * * * (b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.

Interpleader is available even when "neither an action has been brought against nor a formal demand

has been made on the stakeholder by some or all of the potential claimants." 7 Wright, Miller & Kane, Federal Practice & Procedure § 1707 at 565.  In this case, Bowen Electric and Linda Bowen are "adverse claimants" to the fund of John Bowen's life insurance proceeds.  Bowen Electric claims rightful ownership of the proceeds of this policy by virtue of a 2001 Policy Endorsement, and Linda Bowen asserts a claim to this fund by virtue of a separation and divorce decree entered into between her and John Bowen.  Erie Life has sufficiently pled the existence of two or "adverse claimants" as contemplated by 28 U.S.C. § 1335.

In a strikingly similar case, the Court of Appeals for the Fourth Circuit recognized the jurisdiction of this Court to resolve conflicting claims to proceeds of a life insurance policy.  See Equitable Life Assurance Soc'y of the United States v. Jones, 679 F.2d 356 (4th Cir. 1982).  In Jones, the decedent initially designated his wife as the beneficiary of his life insurance policy, and agreed to keep the policy in force for her benefit as part of a separation agreement and divorce decree.  Upon his remarriage, the decedent changed the beneficiary designation of the policy to his second wife.  Faced with claims by both wives to the full proceeds of the policy, the insurance company filed an interpleader complaint.  Id. at 358.  The lower court held that the claim of the first wife, if any, was solely against the decedent's estate, and granted summary judgment to the second wife.  Id. at 357.  The Fourth Circuit reversed and remanded for "further exploration of the circumstances of the change in beneficiary."  Id. at 359. The Fourth Circuit recognized that when the insurance company instituted the interpleader action, "it became the duty of the district court to determine which of the two claimants was entitled to the fund deposited in the court."  Id. at 358.  Significantly, the Jones court did not adopt the view of the dissent that "the insurance company was at no risk and under no threat of multiple liability." Id. at 360 (Murnaghan, J., dissenting) Accord John Hancock Mut. Life Ins. Co. v. Kraft, 200 F.2d 952, 953 (2d Cir. 1953) (holding that the district

court had jurisdiction to grant interpleader despite an argument that the widow's claim was against the insured's estate, not the insurance company.)  The holding of Jones supports the conclusion that Erie Life was justified in filing this interpleader action, and that it is appropriate for this Court to determine which of the Interpleader Defendants should receive the proceeds of John Bowen's life insurance policy.     Bowen Electric also disputes the jurisdiction of this Court on the basis that Linda Bowen's equitable claim is barred by the statute of limitations.  Bowen Electric's limitations argument ignores the well-established "discovery rule," under which "a cause of action accrues at the time the plaintiff first knows or reasonably should have known of the alleged wrong." Newell v. Richards, 323 Md. 717, 723, 594 A.2d 1152, 1155 (Ct. App. Md. 1991).  Bowen Electric presents no evidence that would permit a conclusion that Linda Bowen was on actual or inquiry notice that her former husband violated the separation agreement by removing her as a beneficiary before his death in February 2005.  Bowen Electric's assertion that discovery of the breach in this case would have been "easy to ascertain," and that any claim of Linda Bowen to the policy is therefore time barred, lacks merit.

   This Court has jurisdiction over this case pursuant to the federal interpleader statute, 28 U.S.C. § 1335 to resolve the parties' dispute over the proceeds of the life insurance policy of John Bowen.  The purpose of the federal interpleader statute, "which is remedial and to be liberally construed," State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 533 (1967), will be served by this Court assuming jurisdiction over this action.  For these and the above-stated reasons, Bowen Electric's Motion to Dismiss will, by separate order be DENIED.

|    11/9/05    | /s/ |
|---|---|
| DATE | ROGER W. TITUS |
|  | UNITED STATES DISTRICT JUDGE |